IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

ANDREW WEAVER,

      Plaintiff,

vs.                              Case No. CV 01-J-1602-NE

PPG INDUSTRIES, INC.,

      Defendant.

**MEMORANDUM OPINION**

Currently pending before the court is the defendant PPG Industries, Inc.'s ("PPG") motion for summary judgment (doc. 22). Defendant filed its evidentiary submissions and memorandum of law in support of its motion. Plaintiff, Andrew Weaver, filed his opposition to said motion, his evidentiary submissions, and memorandum of law, and PPG filed a reply. The court has considered the pleadings, the evidentiary submissions and the memoranda of law. For the reasons set forth below, defendant's motion is due to be **GRANTED**.

I. Procedural History

Plaintiff commenced this action on July 26, 2001 by filing a complaint stating two claims under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.* and one claim for breach of contract (doc. 1). More

specifically, plaintiff claims that defendant refused to grant plaintiff medical leave in violation of 29 U.S.C. § 2615, and defendant discharged the plaintiff in violation of 29 U.S.C. § 2615(a)(2). Complaint at ¶¶ 21 and 22 (Count I).[1] Additionally, the plaintiff alleges that by adopting its disciplinary and termination policies, defendant created a contract by which plaintiff could only be terminated for cause as provided in defendant's policies. Plaintiff claims that defendant violated those policies and therefore breached said contract when it terminated him. Complaint at ¶¶ 24-27 (Count II).

## II. Factual Background

In the light most favorable to the plaintiff, the facts of this case are as follows: The plaintiff was hired by the defendant February 19, 1979 at its Works 22 plant in Huntsville, Alabama. Aff. of Moore ¶ 4; Weaver depo. at 13. Plaintiff worked until 1982 when he was placed on layoff status for 18 months. Plaintiff was rehired on April 2, 1984 and worked until his termination January 27, 2000. Aff. of Moore ¶ 4. Defendant manufactures aircraft windshields and windows at its Works 22 plant in Huntsville, Alabama. *Id.* at ¶ 3; Weaver depo. Exh. 2. Defendant had in effect at all relevant times a Family and Medical Leave Policy

---

[1] The court notes that plaintiff, in his prayer for relief, requests relief for defendant's violation of 29 U.S.C.§ **1601**, but the court has interpreted the prayer for relief to be one pursuant to 29 U.S.C. § 2601 *et seq.*

2

that required an employee to have worked a minimum of 1,250 hours in the twelve months period preceding the leave to be eligible for such leave. Weaver depo. Exh. 2, p. A-87; Weaver depo. at 31-32; DiVasto depo. at 118.[2] Plaintiff was familiar with that policy. Weaver depo. at 22, 32. During the twelve month period preceding January 24, 2000, plaintiff had worked less than 1,250 hours for defendant.[3] Weaver depo. Exh. 12; Spiller aff. at ¶ 9 and ¶ 20(a); Exh. B to Spiller Aff. Plaintiff does not know how to calculate the 1,250 hours. Weaver depo. at 32. However, plaintiff could have requested information from Divasto if he had wanted to keep track of his hours worked.[4] DiVasto depo. Exh. 9. Plaintiff had not kept up with this information. *Id. See also* Weaver depo. at 88. Plaintiff does not dispute the accuracy of Divasto's records for 1999 with two minor exceptions which do not affect the outcome. Weaver depo. at 51- 52, 88-89. Plaintiff had previously been granted FMLA leave due to his irritable bowel syndrome condition in 1996, 1997, 1998 and 1999, when he was eligible. Weaver depo. Exh. 12, pp. 00026, 00032-00036.

---

[2] DiVasto was defendant's Human Resources Supervisor.

[3] Plaintiff had worked 1083.50 hours as calculated by his Time Cards, and 1,155.50 hours if calculated by computer records. Spiller Aff. Exh. B; DiVasto depo. Exh. 3; Plaintiff's brief at 13; Defendant's Reply Brief at 1. In any event, plaintiff had worked less than 1,250 hours.

[4] The court notes that plaintiff has signed all but 8 of his time cards. Spiller Aff. Exh. B.

On January 24, 2000, plaintiff called his supervisor, Chester Woodard, before his shift began and requested FMLA leave. Plaintiff told Woodard he was stressed out because his father was ill and that he was having an attack of irritable bowel syndrome. Woodard told plaintiff he would pass his request on to Human Resources. Aff. of Woodard ¶ 7; Weaver depo. at 55. DiVasto called the plaintiff back that morning and informed him he was not eligible for FMLA leave because he had not worked 1,250 hours in the twelve month period preceding his request. Weaver depo. at 57; DiVasto depo. Exh. 9. After plaintiff's shift began on January 24, 2000, he called Woodard back and requested vacation time. Woodard explained that he could not spare plaintiff for vacation that day. Woodard Aff. ¶ 9. Plaintiff did not work on January 24, 2000, and it was counted as an unexcused absence. Spiller Aff. ¶ 20.

At all relevant times, PPG had policies respecting discipline of its production and maintenance employees. Weaver depo. Exh 2, pp. A-63 to A-71. This disciplinary policy provides: "For each six months of active employment that an employee, who has been subject to a first or second step of discipline, maintains a clear record with no rules violations, this procedure will revert one step. An employee who has received a third step of discipline must work one full year with a clear record before the procedure reverts to the second step....Salary Continuance,

Workers Compensation, Leaves of Absence or Layoff, will not count toward satisfying these time requirements....All disciplinary actions can be appealed according to the Employee Complaint Procedure." Plaintiff understood that policy and knew it was in effect.[5] Weaver depo. at 33-36. Pursuant to that policy, plaintiff received at step 3 discipline for excessive absenteeism on January 21, 1999. Exh. 11 to Weaver depo. *See also* Weaver depo. at 45; DiVasto depo. at 78. Between January 21, 1999 and January 24, 2000, plaintiff missed 40 days on Salary Continuance. Weaver depo. Exh. 12; Weaver depo. at 51.[6] As of January 24, 2000, excluding days missed on Salary Continuance, a year had not passed since plaintiff's January 21, 1999 step 3 discipline. Thus step 3 discipline was active on January 24, 2000, pursuant to PPG's disciplinary policy. Exh. 2 to Weaver depo., pp. A-63 to A-71. As plaintiff was not eligible for FMLA leave on January 24, 2000 and not granted a vacation day, his absence was a chargeable absence under the absentee policy. Weaver depo. at 57- 58. A further chargeable absence to an employee already on a step 3 discipline would result in an additional

---

[5]In accordance with that policy plaintiff received a step 3 discipline on March 10, 1997. It reverted to a step 2 in March 1998 and a step 1 in September of 1998. Weaver depo. p. 36-37. Based on additional absentee reports, plaintiff received a step 2 discipline on January 16, 1999. Weaver depo. Exh. 10.

[6]Plaintiff agreed that Exh. 12 is correct for 1999 except for December 29 and 30, 1999.

step of discipline under the attendance policy.[7] DiVasto depo. Exh. 3. Plaintiff was thereafter terminated because of his absenteeism while he was on step 3 discipline.[8] DiVasto depo. at 92, 94-97. *See also* DiVasto depo. Exh. 6 and 9. Plaintiff appealed. Weaver depo. at 58-60; Moore Aff. at ¶ 6, 7. Moore agreed with the decision to terminate plaintiff. Weaver depo. at 60; Moore Aff. at ¶ 7.

### III. Standards for Evaluating Summary Judgment Motion.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

---

[7]Plaintiff was notified of this policy when it became effective on July 1, 1999. DiVasto depo. Exh. 3.

[8]Plaintiff was not entitled to a vacation day on January 24, 2000. Weaver depo. Exh. 12, C-17; Woodard Aff. at ¶ 9.

*Celotex Corp.,* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R.Civ.P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coates & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson,* 477

U.S. at 248. All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir.1987).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id*. at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 477 U.S. at 251-252.

### IV. Discussion

In order to recover under any theory under the FMLA, plaintiff has the burden of proving that he was "eligible" for the requested leave. An "eligible employee" is defined as one who has been employed for at least 12 months by the employer with respect to whom the leave is requested, and "for at least 1,250 hours of service with such employer during the previous 12-month period. 29 U.S.C. § 2611(2)(A). *See also, Brungart v. Bellsouth Telecommunications, Inc.*, 231 F.3d

8

791 (11th Cir. 2000); *Morehardt v. Spirit Airlines, Inc.,* 174 F.Supp.2d 1272 (M.D.Fla. 2001). Plaintiff's first claim under the FMLA fails because plaintiff has simply failed to prove that he is "eligible" for the leave. Regardless of which of PPG's figures is used in calculating plaintiff's hours during the relevant period, they are less than 1,250. Even taking into consideration the two days during 1999 plaintiff disputes, namely December 29 and 30, 1999, the relevant hours do not add up to 1,250 as required by defendant's policy and 29 U.S.C.§ 2611(2)(A). The right of family leave pursuant to the FMLA is conferred only on employees who have worked at least 1,250 hours the previous 12 months. *Brungart,* 231 F.3d at 796. Although plaintiff acknowledges that he does not know how many hours he worked during the relevant period, he nevertheless argues that since defendant's records vary from 1083.50 hours to 1155.50 hours worked by the plaintiff during the relevant period, plaintiff must be **presumed** to have worked the requisite 1,250 hours unless defendant can **prove** otherwise. Plaintiff memorandum at 13. However, in order "[t]o prevail under [a cause of action under 29 U.S.C.] § 2617, an employee must prove ... that the employer violated § 2615 by interfering with, restraining, or denying his or her exercise of FMLA rights. Even then, § 2617 provides no relief unless the employee has been prejudiced by the violation." *Ragsdale v. Wolverine World Wide, Inc.,* 122 S.Ct 1155, 1161 (2002) (invalidated

DOL regulation requiring employer to grant more than 12 weeks FMLA leave because of its failure to inform employee that absence counted against FMLA entitlement, as such DOL regulation ignores § 2617's command that the employees prove impairment of their statutory rights and resulting harm). As no genuine issue of fact remains with respect to plaintiff's claim for leave pursuant to FMLA, defendant's motion is **GRANTED** with respect to this claim.

Secondly, with respect to plaintiff's claim for retaliation under the FMLA, plaintiff must show: (1) he exercised rights protected by the FMLA; (2) he suffered an adverse employment action; and (3) there is a causal link between these two elements. *Brungart,* 231 F.3d at 798. When evaluating a claim of retaliation under the FMLA, in the absence of direct evidence of discrimination on the part of the employer, the burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), for evaluating Title VII retaliatory discharge claims shall be applied. *Brungart,* 231 F.3d at 798, citing *Graham v. State Farm Mut. Ins. Co.,* 193 F.3d 1274, 1275, 1283 (11th Cir. 1999); *King v. Preferred Technical Group,* 166 F.3d 887, 891-92 (7th Cir. 1999); *Chaffin v. John H. Carter Co. Inc.,* 179 F.3d 316, 319 (5th Cir. 1999); *Hodgens v. General Dynamics Corp.,* 144 F.3d 151, 160 (1st Cir. 1998); *Morgan v. Hilti, Inc.,* 108 F.3d 1319, 1323 (10th Cir. 1997). Here the first two elements are

met. Plaintiff was attempting to exercise his right to take FMLA leave on January 24, 2000. He also satisfies the second element because he was terminated. Thus, plaintiff's *prima facie* case hinges on whether he can demonstrate that his attempt to exercise his FMLA rights caused the adverse employment decision. Plaintiff does not know who made the decision to terminate him, only who told him about the termination. Weaver depo. at 122. Other than his personal belief that mistakes were made in calculating his hours, plaintiff has no proof that it was done on purpose. Weaver depo. at 124. Plaintiff was asked:

> Question: What facts...do you have leading you to the conclusion that you were fired because you sought FMLA leave?
>
> Answer: Because that's exactly what they told me. I was not qualified for FMLA, and I could not substitute that day with a vacation day to figure out what the problem was.
>
> Question: All right. Other than that, do you have any other facts leading you to the conclusion that you were terminated because you sought FMLA?
>
> Answer: Not as of yet, no, sir.

Weaver depo. at 66-67. Plaintiff has failed to produce any evidence that he was entitled to FMLA leave on January 24, 2000, and by his own admission therefore, has no proof of any causal link between the first two elements of his *prima facie* case. Other than plaintiff's belief, the evidence is unrefuted that plaintiff was terminated because of his extensive absenteeism. DiVasto depo. Exh. 5; Moore

Aff. ¶¶ 6, 7. Additionally, the fact that plaintiff had been granted FMLA leave many times in the preceding years without termination negates any discriminatory intent on defendant's part in January of 2000. Plaintiff is required to prove not only that PPG's articulated reason for his termination was pretextual, but also that the true reason for his termination was his FMLA leave request. *Chapman v. AI Transport,* 229 F.3d 1012, 1025-1026 (11th Cir. 2000). Plaintiff has failed to do so. Because no genuine issues of material fact remain on this claim, defendant's motion for summary judgment is **GRANTED** on this claim as well.

The court finding that no genuine issues of material fact remain with respect to plaintiff's FMLA claims, Count I is due to be dismissed with prejudice, which shall be done by separate Order. The court declines to exercise supplemental jurisdiction over plaintiff's state law claim for breach of contract pursuant to 28 U.S.C. § 1367(c)(3). Wherefore, Count II shall be dismissed without prejudice to plaintiff's right to file such claim in the appropriate court. Such dismissal shall be done by separate Order.

**DONE** and **ORDERED** this the __18__ day of April, 2002.

_____
UNITED STATE DISTRICT JUDGE
INGE P. JOHNSON